UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **CITY OF ROCKFORD,** *et al.*<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**MALLINCKRODT ARD INC.,** *et al.*,<br><br>　　　　　　　　　Defendants.<br>―――――――――――――――――<br>**MSP RECOVERY CLAIMS, SERIES LLC**, *et al.,*<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**MALLINCKRODT ARD INC.,**<br><br>　　　　　　　　　Defendants. | **Case No. 3:17-cv-50107**<br><br>Honorable Frederick J. Kapala<br><br>Magistrate Judge Iain D. Johnston<br><br><br><br><br>**Case No. 1:18-cv-00379**<br><br>Honorable Frederick J. Kapala<br><br>Magistrate Judge Iain D. Johnston |

## CONFIDENTIALITY ORDER

　　　A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

　　　**1.** 　　**Scope**.　All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Protected Information as defined below.　This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

1

**2. Confidential Information and Attorneys' Eyes Only Information**.

( a ) Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) research, technical, commercial or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

(b) Attorneys' Eyes Only Information. As used in this Order, "Attorneys' Eyes Only Information" means information designated as "ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER" by the producing party that is extremely sensitive Confidential Information, including other third-party data and trade secrets that a producing party reasonably believes might, if disclosed to another party's employees, officers, agents or directors, or to the producing party's competitors or customers, have an adverse economic impact on the producing party that could not be avoided by less restrictive means.

(c) Protected Information. As used in this Order, "Protected Information" means any information that is either Confidential Information or Attorneys' Eyes Only Information as defined under this Order.

**3. Designation**.

(a) A party may designate a document as Confidential Information or Attorneys' Eyes Only Information for protection under this Order by placing or affixing the

2

words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" include electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Information are not required to be marked.

    (b)  The designation of a document as Confidential Information or Attorneys' Eyes Only Information is a certification by the disclosing party's attorney or a party appearing pro se that the document contains Protected Information as defined in this Order.[1]

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating

**4.     Depositions**.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information (unless designated as Attorneys' Eyes Only Information during the deposition) until the expiration of the following: No later than the fourteenth (14th) day after the transcript is delivered to any party or the witness. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Protected Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Protected Information, unless otherwise ordered by the Court.

**5.     Protection of Protected Information.**

(a)     General Protections.   Protected Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (b) and (c) for any purpose whatsoever other than in this litigation, including any appeal thereof.  In a putative class action, Protected Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b)     Limited Third-Party Disclosures of Confidential Information.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9).  Subject to

---

documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)     Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

    (2)     Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3)     The Court and its personnel;

    (4)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    (5)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    (6)     Consultants and Experts. Consultants, investigators or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (7)     Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

    (8)     Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

    (9)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such

conditions as may be agreed or ordered.

(c) Limited Third-Party Disclosures of Attorneys' Eyes Only Information. The parties and counsel for the parties shall not disclose or permit the disclosure of any Attorneys' Eyes Only Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Attorneys' Eyes Only Information:

(1) In-house attorneys from each entity party, who are involved only in providing legal advice to the party. Each such in-house attorney must complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. At least three business days before disclosing any Attorneys' Eyes Only Information to the designated in-house attorneys, a party must disclose the in-house attorneys who will have access to the information, provide information reflecting the in-house attorney's position, duties and responsibilities, and provide an executed copy of the Acknowledgment of Understanding and Agreement to Be Bound;

(2) Parties. Individual parties and employees of a party who: (1) have no involvement in negotiating business terms or contracts with or involving Defendants, and (2) only to the extent counsel further determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(4) The Court and its personnel;

(5) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(6) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(7) Author or recipient. The author or recipient of the document (not

6

including a person who received the document in the course of litigation); and

(8) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Attorneys' Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Attorneys' Eyes Only Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. To the extent that there is any person in the deposition room who is not permitted to see Attorneys' Eyes Only Information, they will leave the room for any portion of the deposition in which such documents are being used in the examination.

(9) Consultants and Experts. Consultants, investigators or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(d) Use of Protected Information at Depositions, Hearings or Other Proceedings. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Information so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER."

(e) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

**6.     Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Protected Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for that deposition testimony, unless otherwise ordered by the Court.

If a party designates a document as Protected Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Information.

**7.     Inadvertent or Inappropriate Disclosure of Information.**  The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other proceeding, including a litigation in federal or state court.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

A party that inadvertently produces a document it believes should be protected from discovery shall promptly after learning of the inadvertent production notify the other party or parties of the claim of privilege or other protection or immunity.  Upon such notice, the other

8

party or parties: (1) shall promptly sequester the specified information and any copies it has; (2) must not use or disclose the information until the claim is resolved; and (3) must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified. The parties will meet and confer within 5 days after notice is provided by the producing party to resolve the designation of the inadvertently disclosed information at issue. If the parties are unable to resolve the designation themselves, they may present the information to the Court under seal for a determination of the claim.

If a party receives a document that appears to be subject to an attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document and where it is reasonably apparent that the document was provided or made available through inadvertence, the receiving party should refrain from examining the document any more than is essential to ascertain if it is privileged, and shall promptly notify the producing party in writing that he or she possesses material that appears to be privileged. If the producing party requests return of the document in writing, the receiving party: (1) shall promptly sequester the specified information and any copies it has; (2) must not use or disclose the information until the claim is resolved; and (3) must take reasonable steps to retrieve the information if the receiving party disclosed it before ascertaining that the document appears to be privileged. The parties will meet and confer within 5 days after notice is provided by the producing party to resolve the designation of the inadvertently disclosed information at issue. If the parties are unable to resolve the designation themselves, they may present the information to the Court under seal for a determination of the claim.

The voluntary return or destruction of any materials under this section by the receiving party shall not preclude the receiving party from later moving the Court to compel their

9

production. Within a reasonable time after any claim of inadvertent production under this section is resolved, the producing party shall provide a privilege log for any materials deemed privileged.

If Protected Information or inadvertently produced information protected by the attorney-client privilege, work product protection or other privilege or immunity is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure himself or herself or by the person who was the recipient of such information.

8. **Filing of Protected Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Protected Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2. The parties are reminded that documents that "influence or underpin a judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." Baxter Int'l Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2014). Accordingly, if any sealed or redacted material influences or underpins the Court's decision on any issue, the relevant portions may be unsealed.

9. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. **Challenges by a Party to Designation as Protected Information**. The

10

designation of any material or document as Protected Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

    (a)     Meet and Confer. A party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

    (b)     Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Order.

    11.     **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Protected Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

    12.     **Use of Protected Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Protected

Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

      **13.    Protected Information Subpoenaed or Ordered Produced in Other Litigation**.

      (a)    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

      (b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      (c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession,

custody or control Protected Information by the other party to this case.

14. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15. **Obligations on Conclusion of Litigation**.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation. Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Protected Information, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document containing such Protected Information has been offered into evidence or filed without restriction as to disclosure; (2) the receiving party destroys such documents containing Protected Information and certifies the fact of such destruction to the extent practicable in lieu of return;[2] or (3) as to documents bearing the notations, summations or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1)

---

[2] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts for final expert reports.

attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **Right to Assert Other Objections**. Nothing herein shall be deemed to constitute a waiver of any objection a producing party may have to any request for production of documents or other requested discovery. Nothing herein shall prevent any party from objecting to production of documents or objecting to other discovery requests on any available grounds, or from seeking alternative protective orders from this Court.

**19.  Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties and persons made subject to this Order by its terms.

So Ordered.

_____
The Honorable Iain D. Johnston
Dated:  May 21, 2018               U.S. Magistrate Judge

WE SO MOVE and agree to abide by the terms of this Order:

**Counsel for Plaintiffs CITY OF ROCKFORD and ACUMENT GLOBAL TECHNOLOGIES, INC. (Case No. 3:17-cv-50107)**

*s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr.
haviland@havilandhughes.com
William H. Platt II
platt@havilandhughes.com
HAVILAND HUGHES
201 South Maple Avenue, Suite 110
Ambler, PA 19002
(215) 609-4661

Kerry F. Partridge
kerry.partridge@rockfordil.gov
Ifeanyi C. Mogbana
Ifeanyi.mogbana@rockfordil.gov
425 East State Street
Rockford, IL 61104-1068
(779) 348-7154

Peter J. Flowers
pjf@meyers-flowers.com
Jonathan P. Mincieli
jpm@meyers-flowers.com
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, IL 60174
(630) 232-6333

**Counsel for Plaintiffs MSP RECOVERY CLAIMS, SERIES LLC; MAO-MSO RECOVERY II, LLC; MSP RECOVERY, LLC; and MSPA CLAIMS 1, LLC (Case No. 1:18-cv-00379)**

*s/ David M. Hundley*
David M. Hundley, of Counsel
dhundley@pbclawfirm.com
PENDLEY, BAUDIN & COFFIN, LLP
516 N. Ogden Ave #134

Chicago IL 60642-6421
(312) 212-3343

15

| | |
|---|---|
| Christopher L. Coffin<br>ccoffin@pbclawfirm.com<br>PENDLEY, BAUDIN & COFFIN, LLP<br>1515 Poydras Street, Suite 1400<br>New Orleans, LA 70112<br>T: (504) 355-0086 | R. Brent Wisner<br>rbwisner@baumhedlundlaw.com<br>Michael L. Baum<br>mbaum@baumhedlundlaw.com<br>Adam M. Foster<br>afoster@baumhedlundlaw.com<br>Pedram Esfandiary<br>pesfandiary@baumhedlundlaw.com<br>BAUM, HEDLUND, ARISTEI &<br>GOLDMAN, P.C.<br>12100 Wilshire Blvd., Suite 950<br>Los Angeles, CA 90025<br>(310) 207-3233 |

**Counsel for Defendants MALLINCKRODT plc and MALLINCKRODT ARD INC.**

*s/ Scott Collins Sullivan*

| | |
|---|---|
| Scott Collins Sullivan<br>ssullivan@wilmac.com<br>WILLIAMS MCCARTHY LLP<br>120 West State St.<br>P.O. Box 219<br>Rockford, IL 61105-0219<br>(815) 987-8900<br><br>G. Patrick Watson<br>patrick.watson@bclplaw.com<br>Lindsay Sklar Johnson<br>lindsay.johnson@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>One Atlantic Center, 14th Floor<br>1201 W. Peachtree St., NW<br>Atlanta, GA 30309<br>(404) 572-6600 | Rebecca A. Nelson<br>ranelson@bclplaw.com<br>Herbert R. Giorgio, Jr.<br>herb.giorgio@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>One Metropolitan Square<br>211 North Broadway, Suite 3600<br>St. Louis, MO 63102<br>(314) 259-2000<br><br>Philip D. Bartz<br>philip.bartz@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>1155 F Street, N.W.<br>Washington, DC 20004<br>(202) 508-6000 |

**Counsel for Defendants EXPRESS SCRIPTS HOLDING COMPANY, EXPRESS SCRIPTS, INC., CURASCRIPT, INC., ACCREDO HEALTH GROUP, INC., and UNITED BIOSOURCE CORPORATION**

*s/ Matthew M. Martino*

| | |
|---|---|
| Matthew M. Martino<br>matthew.martino@skadden.com<br>Robert A. Fumerton<br>robert.fumerton@skadden.com<br>Patrick G. Rideout<br>patrick.rideout@skadden.com | Michael H. Menitove<br>michael.menitove@skadden.com<br>Evan R. Kreiner<br>evan.kreiner@skadden.com<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP |

Four Times Square
New York, NY 10036
(212) 735-3000

Amy Van Gelder
amy.vangelder@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, IL 60606
(312) 407-070

ATTACHMENT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| **CITY OF ROCKFORD,** *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> **MALLINCKRODT ARD INC.,** *et al.*, <br><br> Defendants. <br> _____ <br><br> **MSP RECOVERY CLAIMS, SERIES LLC**, *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> **MALLINCKRODT ARD INC.,** <br><br> Defendants. | **Case No. 3:17-cv-50107** <br><br> Honorable Frederick J. Kapala <br><br> Magistrate Judge Iain D. Johnston <br><br><br><br><br> **Case No. 1:18-cv-00379** <br><br> Honorable Frederick J. Kapala <br><br> Magistrate Judge Iain D. Johnston |

**ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Protected Information strictly in accordance with the Order and solely for the purposes of the above-captioned action, and not to disclose any such Protected Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____

                                               Signature