```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                           WESTERN DIVISION

 3   CITY OF ROCKFORD,              )  Docket No. 17 CV 50107
                                    )
 4                  Plaintiff,      )  Rockford, Illinois
                                    )  Tuesday, September 15,
 5      v.                          )  2020
                                    )  2:15 o'clock p.m.
 6   MALLINCKRODT ARD, INC.,        )
     et al.,                        )
 7                                  )
                    Defendants.     )
 8   _____ )
     MSP RECOVERY CLAIMS, SERIES,   )  _____
 9   LLC, et al.,                   )  Docket No. 20 CV 50056
                                    )
10                  Plaintiffs,     )
                                    )
11      v.                          )
                                    )
12   MALLINCKRODT ARD, INC.,        )
     et al.,                        )
13                                  )
                    Defendants.     )
14
                         TRANSCRIPT OF PROCEEDINGS
15                 BEFORE THE HONORABLE LISA A. JENSEN

16   APPEARANCES:

17   For the Plaintiffs:        HAVILAND HUGHES
                                (201 South Maple Avenue,
18                               Suite 110,
                                 Ambler, PA  19002) by
19                              MR. DONALD E. HAVILAND, JR.
                                MR. WILLIAM H. PLATT, II
20
                                MEYERS & FLOWERS, LLC
21                              (3 North 2nd Street,
                                 Suite 300,
22                               St. Charles, IL  60174) by
                                MR. JONATHAN P. MINCIELI
23

24

25
```

```
 1                                  PENDLEY, BAUDIN & COFFIN, LLP
                                    (1100 Poydras Street,
 2                                   Suite 2505,
                                    New Orleans, LA  70163) by
 3                                  MR. DAVID M. HUNDLEY

 4    For the Defendant             ARNOLD & PORTER KAYE SCHOLER LLP
      Mallinckrodt ARD, Inc.:       (601 Massachusetts Avenue, NW,
 5                                   Washington, DC  20001) by
                                    MS. SONIA KUESTER PFAFFENROTH
 6                                  MR. RYAN Z. WATTS

 7                                  WILLIAMS McCARTHY, LLP
                                    (120 West State Street,
 8                                   4th Floor,
                                    Rockford, IL  61105) by
 9                                  MR. SCOTT C. SULLIVAN

10    For the Defendants            QUINN EMANUEL URQUHART &
      United BioSource              SULLIVAN, LLP
11    Corporation and               (1300 I Street NW,
      Express Scripts:               Suite 900,
12                                   Washington, DC  20005) by
                                    MR. KEITH H. FORST
13                                  MR. J. MATTHEW HAMANN
                                    MS. KATHLEEN LANIGAN
14                                  MS. MEGHAN A. MCCAFFREY

15                                  RENO & ZAHM LLP
                                    (2902 McFarland Road,
16                                   Suite 400,
                                    Rockford, IL  61107) by
17                                  MR. JAN H. OHLANDER

18    Court Reporter:               Heather M. Perkins-Reiva
                                    327 South Church Street
19                                  Rockford, IL  61101
                                    (779)772-8309
20

21

22

23

24

25
```

```
 1              THE CLERK:  17 CV 50107, City of Rockford v.
 2   Mallinckrodt ARD, et al., and 20 CV 50056, MSP Recovery
 3   Claims, Series, LLC, et al. v. Mallinckrodt ARD, et al.
 4              THE COURT:  Can I have the appearance of the parties,
 5   please, starting with the Plaintiffs?
 6              MR. HAVILAND:  Good afternoon, your Honor.  Don
 7   Haviland from Haviland Hughes -- with me is Bill Platt -- for
 8   the City of Rockford and the class.
 9              THE COURT:  All right.  Good afternoon.
10              MR. MINCIELI:  Jonathan Mincieli, Meyers & Flowers,
11   is here for the City of Rockford and the class.
12              MR. HUNDLEY:  And David Hundley for the MSP
13   Plaintiffs.
14              THE COURT:  Okay.  Defense?
15              MS. MCCAFFREY:  Good afternoon, your Honor.  Meghan
16   McCaffrey for the Express Scripts entities.
17              MR. FORST:  And good afternoon, your Honor.  This is
18   Keith Forst as well on behalf of the Express Scripts entities.
19              We have our local counsel on the line as well.
20              MR. OHLANDER:  Hi, Judge.  Jan Ohlander.
21              THE COURT:  Okay.
22              MS. PFAFFENROTH:  And, your Honor, this is Sonia
23   Pfaffenroth from Arnold & Porter for the Mallinckrodt
24   Defendants.
25              THE COURT:  Okay.
```

```
 1           MR. WATTS:  Good afternoon, your Honor.  Ryan Watts
 2   with Arnold & Porter, also on behalf of the Mallinckrodt
 3   Defendants.
 4           THE COURT:  Okay.  Good afternoon.
 5           MR. SULLIVAN:  Good afternoon, your Honor.  Scott
 6   Sullivan, Williams McCarthy, local counsel for the
 7   Mallinckrodt Defendants.
 8           THE COURT:  Okay.  Is that everyone?
 9           Okay.  Let's go through some housekeeping matters
10   before we turn to the motions that are pending.
11           I did receive yesterday a motion to compel filed by
12   Express Scripts against the MSP Plaintiffs.  I would like to
13   enter a briefing schedule on that, and MSP shall file any
14   written response within seven days, by 9/22, and I will either
15   schedule a hearing if I believe it's necessary or rule on the
16   papers if not.
17           MR. HUNDLEY:  Judge --
18           THE COURT:  We were originally --
19           I'm sorry?
20           MR. HUNDLEY:  Sorry, Judge.
21           Our motion-to-dismiss response is due the following
22   day.  Is it possible to get --
23           THE REPORTER:  Who is speaking?  I don't know who is
24   speaking.
25           MR. HUNDLEY:  I'm sorry.  It is David Hundley on
```

1  behalf of the MSP Plaintiffs.
2          I was just asking since our motion-to-dismiss
3  combined response is due next Wednesday, is it possible we can
4  ask for some additional time to respond to that motion that
5  was filed yesterday?
6          THE COURT:  9/25.  Does that work?
7          MR. HUNDLEY:  I will be out of town.
8          Can we possibly have Monday, the 28th?
9          THE COURT:  All right.  9/28.
10         MR. HUNDLEY:  Thank you very much, Judge.
11         THE COURT:  Okay.  We were originally set for today
12 to discuss status on the City of Rockford's written discovery
13 that was going to be issued on information necessary to define
14 the market.  Was that issued, Mr. Haviland?
15         MR. HAVILAND:  It was, your Honor.
16         THE COURT:  And has it been answered?
17         MR. HAVILAND:  We got responses from both Defendants,
18 I think it was Friday late.  We reviewed that.  There are some
19 answers not complete.  There was an invitation by at least
20 Mallinckrodt, I think Express Scripts as well, to meet and
21 confer about some of the questions.  I traded some e-mails
22 with Mallinckrodt counsel about setting that up for tomorrow.
23         I'm hoping that we can resolve whatever issue it was
24 with those requests that they couldn't answer in the first
25 instance, but if we can't resolve that, we are hoping by

1    Friday, that whatever dispute we have, we will it present to
2    the court.
3           But we did, your Honor, get answers from both.  We
4    got some objections, and we got some non-answers, but we have
5    been asked to meet and confer, and we will do that this week.
6           THE COURT:  Okay.  Good.  So we are on track with
7    that.
8           Another matter:  A while back, Docket 412 was a
9    motion by Rockford to compel certain discovery.  I entered and
10   continued that to allow the City of Rockford to depose other
11   individuals in a better position to provide information.  That
12   motion has been pending since June.
13          Mr. Haviland, I would ask that you withdraw that
14   motion now, so that it is off the docket, of course with leave
15   to reinstate in the future if necessary.
16          MR. HAVILAND:  We will do that, your Honor.
17          THE COURT:  Okay.  So now we are here on two motions
18   filed by the City of Rockford.
19          The first motion that I want to take up is to compel
20   answers to requests to produce served on November 19th, 2019.
21   The City of Rockford is asking me to rule on, I think it is,
22   52 requests for production of documents.
23          I want to make sure I have the facts correct.
24          Defendants answered this fourth request for
25   production of documents on December 19th, 2019.

1          If these facts I'm stating are not correct, I would
2   ask one member of the representative party to just chime in
3   and tell me if it's not correct.
4          Mr. Haviland first raised concerns regarding
5   Defendants' December 19th, 2019 responses on August 17th of
6   2020.  Those concerns were raised by letter on that same date.
7          On August 18th, Defendants indicated to Plaintiff
8   that they were available to meet and confer on August 20th.
9   Mr. Haviland or anyone from his law firm did not respond to
10  that August 18th correspondence or e-mail.
11         And then on 9/2, the City of Rockford sent Defendant
12  a letter demanding responses by close of business 9/3, and
13  then filed this motion on 9/2.
14         Is that all correct?
15         MR. HAVILAND:  Temporally, it is, your Honor.  As far
16  as the meet-and-confer process, we have been discussing with
17  Express Scripts since November their document production.
18         MR. FORST:  Your Honor, this is --
19         I'm sorry.  Go ahead.
20         THE COURT:  My statement of fact was that you first
21  reached out to Express Scripts about the deficiency, then
22  their response to the fourth amended request to produce, on
23  August 17th.
24         Are you saying that you reached out to them
25  specifically about their deficiencies regarding the fourth

1   request to produce sometime prior to that?

2           MR. HAVILAND:  Yes, your Honor.

3           We have been discussing with Express Scripts the
4   deficiencies in their approach to the electronic discovery
5   insofar as they have not included the custodians that Rockford
6   has asked for and the search terms that Rockford has asked
7   for, which are embedded in these 50-some requests.  Your Honor
8   has ruled on some of those issues, at least as far as
9   custodians and search terms.

10          But as far as putting forth a meet-and-confer
11  proposal to them, you are correct, we did that by letter
12  August 17 and got no response.  We opted for that tact
13  because, as your Honor has pointed out, that if we are unable
14  to meet and confer and resolve disputes, sometimes a letter
15  works.

16          I worked very hard on that letter to make clear the
17  concerns we had with deficiencies in the production, and we
18  got no response.  We got objections.

19          THE COURT:  Well, you tell me you got no response,
20  Mr. Haviland, but I saw an e-mail that was produced by
21  Defendants where they offered to meet and confer with you on
22  August 20th.  They say you did not respond to that.

23          MR. HAVILAND:  Your Honor, the meet-and-confer
24  invitation was in the letter.  We wanted a written response so
25  we understood where they were willing to meet and confer on.

1    We have 56 sets of objections.  There was no movement on any
2    request for production.
3            Your Honor pointed out to me a while ago that
4    sometimes it's best to put a letter, and then you get a letter
5    back, and at least you know what the areas of dispute are.
6            We carved out RFP 37 because it's a specific issue
7    about document retention policy.  I know you have the second
8    motion on that.  But we got no response, Judge, no substantive
9    response to any point in that letter.
10           MR. FORST:  Your Honor, this is Keith Forst, if I
11   may, on behalf of Express Scripts.
12           THE COURT:  Yes.
13           MR. FORST:  I will be handling this particular motion
14   today.
15           To be clear, your recitation of the dates are correct
16   and match up with what we have, and certainly we would dispute
17   that there was any raising of specific issues with respect to
18   this fourth set of document requests that came our way.
19           As you know, the parties have since then gone through
20   and negotiated, and the court has ruled on the vast set of
21   custodians and search terms that would be applied to produce
22   responsive documents.  We, of course, produced documents and
23   heard nothing about these specific requests until the letter
24   on August 17th.
25           And you are also correct that I personally, given the

1  nature of the letter, which was kind of a blanket
2  copy-and-paste of all these requests, offered to get on the
3  phone and discuss and didn't hear back in response to that
4  e-mail at all.
5          THE COURT:  Okay.  So the concern I have here is that
6  a number of issues that were raised by Express Scripts in its
7  reply to the motion appear to address some of the issues or
8  concerns or deficiencies that the City of Rockford has alleged
9  in its motion.  So without a meet-and-confer to delineate down
10 which of the 52 requests to produce still remain, it becomes
11 an extreme waste of the court's time to go through these now.
12         So I'm going to strike your motion, Mr. Haviland, and
13 I'm going to require that prior to bringing this motion again,
14 you actually have a meet-and-confer, meaning you discuss with
15 Express Scripts each of your requests, their objections.
16         Express Scripts, you indicate to Mr. Haviland which
17 requests you have fully complied with, including provided
18 documents, and for which you are standing on your objections.
19         And to the extent that either side does not make
20 themselves available, there will be repercussions by the court
21 because our local rule is pretty clear that the parties do
22 need to meet and confer, and it's not enough to just write a
23 letter and then ignore a request to discuss it in more detail,
24 just like it's not good enough to ignore a letter that lays
25 out specific requests.  So I need both sides to get together

1   and try to whittle this down to the extent that they can.
2           I'm going to give you a little bit of a preview of
3   what I would likely do on this motion if it's brought before
4   me.
5           I don't believe in tit-for-tat discovery,
6   Mr. Haviland.  I do believe that some of these requests are
7   not comprehensible.  They are talking about things like
8   discussion with class members when there clearly are no class
9   members.  It does appear to me that a number of these were
10  simply flip-flopped and are not capable of being answered.
11          Some of them certainly are answerable and should be
12  answered, but I can't tell from the motion whether they have
13  previously been asked in other discovery requests.  For
14  example, "All documents that support or contradict the answer
15  to the complaint," I mean, that's certainly a very standard
16  document request.  Typically, those sort of document requests
17  are sent out initially, not on a fourth set of requests to
18  produce.  If they have been set out and answered, then this
19  would be repetitive.  If they have not been set out, then
20  these are typical requests that need to be answered, and an
21  answer such as "We will produce whatever documents are
22  referred to in our complaint" is not a responsive answer.  So,
23  too, with the affirmative defenses.
24          So that, along with the sort of non-comprehensibility
25  of some of these, are things both sides should seriously keep

1   in mind when they sit down and have their meet-and-confer.

2          So the first motion to compel is stricken with leave
3   to reinstate, if necessary, following a good faith
4   meet-and-confer.

5          Now, let's go on to the second motion, and I have
6   concerns with this motion as well, and I want to make sure
7   that I have the facts correct.

8          The fourth request for production of documents,
9   again, issued approximately nine months ago, one of the
10  specific requests was "All documents relating to Defendants'
11  policies, procedures, and practices for document retention,
12  preservation, or destruction."  The Defendants responded to
13  that request by indicating that they will not produce any
14  documents.

15         My understanding is that on August 5th, Mr. Haviland
16  or someone from his law firm wrote to Express Scripts trying
17  to get them to meet and confer on this answer.  When he didn't
18  get a response, he followed up again on August 20th.  On
19  August 20th, later that day, Express Scripts responded, again,
20  indicating that they were standing on their objection based on
21  relevance and they would not provide responsive documents.

22         It appears to me that for the first time, in its
23  response brief filed in this motion, it indicated that it had
24  already produced the policy regarding document retention,
25  indicated in its response that it had not given the Plaintiff

1   the courtesy of pointing that out to them, but rather
2   indicated if they had done a search term request, they would
3   have been able to find it.
4          My question to Express Scripts is:  Why, in response
5   to the request to produce or in response to the
6   meet-and-confer letter, this document was not pointed out to
7   the City of Rockford.
8          MS. MCCAFFREY:  Your Honor, Meghan McCaffrey for the
9   Express Scripts entities.
10         Just to add one additional thing to your recitation
11  of the facts, which is accurate:  On August 20, 2020, in my
12  response letter to Mr. Platt, we did at that time also offer
13  to meet and confer to discuss further at the parties' mutual
14  convenience.  We received no response from Plaintiff to that
15  offer to meet and confer.
16         As to your specific point that we did not identify
17  for Plaintiff in our response on the 20th that the document
18  retention schedule for the Medicare and Medicaid section of
19  the Express Scripts business has been produced, that was an
20  oversight on our part.  Frankly, your Honor, we had responded
21  in the ESI disclosures in October 2018 indicating that the
22  document would be produced.  The document was produced the
23  same day as the ESI disclosures were disclosed.  So we did
24  think that Plaintiffs were already aware of that.
25         We were not aware that that had not -- we definitely

1   were not aware of that example, document retention policy
2   being produced, until reviewing their motion where their
3   motion implied that no such procedures or policies had been
4   produced to Plaintiff, and we disagreed with that given the
5   ESI disclosures as well as the production that was made on
6   that day as well.
7           THE COURT:  Well, Ms. McCaffrey, you specifically
8   said on two occasions that you were not going to produce
9   documents.
10          You are not telling me that you didn't believe that
11  the document retention policy that you had produced, you are
12  not telling me that you didn't perceive that to be responsive
13  to this request, are you?
14          MS. MCCAFFREY:  I'm saying that I actually
15  don't -- the request -- we produced a very specific policy and
16  procedure specific to Medicare and Medicaid as an example of
17  the Express Scripts' document retention policies and
18  procedures.  We understood Plaintiff's request to be seeking
19  much more than that, to be seeking all documents relating to
20  anything on Express Scripts' document retention policies and
21  procedures.
22          So, yes, I apologize, your Honor.  But, yes, they did
23  appear to be two different things that were getting sought
24  here.
25          THE COURT:  I don't believe they appear to be two

1    different things, Ms. McCaffrey, and this is another example
2    of the sort of gamesmanship that I'm seeing from both sides in
3    this case, and had a simple phone call or a courtesy been then
4    extended in pointing out this document, and then a discussion
5    about whether additional documents were necessary, this whole
6    thing may have been avoided.
7           So the same argument that was made with respect to
8    Mr. Haviland not meeting and conferring applies equally here.
9    And it's very unfortunate, given the caliber of the attorneys
10   in this case, that I'm seeing this sort of conduct, and I
11   really am not going to tolerate it.
12          MS. MCCAFFREY:  Your Honor, if I may, we did offer to
13   meet and confer.  We were not taken up on our offer.  I
14   understand that we said we were standing on our objections,
15   but we did offer to meet and confer.  But I take your point,
16   your Honor, and we will correct this behavior going forward,
17   but it was attached as Exhibit 2 to our opposition.  The
18   closing line says we are available.
19          THE COURT:  Simply saying you are available to meet
20   and confer, if you are saying that you are standing on an
21   objection, does not necessarily meet the issue that I just
22   raised, which was it was a simple matter to point out to them
23   the documents that had already been produced, if not as a
24   matter of requirement, as a courtesy, that most attorneys of
25   the caliber of the attorneys in this case, in my experience,

1  would have done.
2          Mr. Haviland, did you locate that document?
3          MR. HAVILAND:  We did, your Honor, and I think
4  Ms. McCaffrey accurately states it relates to the Medicare and
5  Medicaid side of the business.  This case doesn't concern the
6  Medicare and Medicaid side of the business.  It concerns the
7  commercial side of the business, and our concern is there has
8  been a number of custodians relevant to this case for whom the
9  custodial files have not been produced pursuant to what
10 Defendants have said is a policy, a procedure, and a practice.
11 Their answer uses all three terms.  So we are not clear what
12 it is.  But the problem is acute, your Honor.
13         We took the deposition of a former employee a couple
14 of weeks ago, and there were no custodial documents for Nick
15 Black, but I took the deposition anyway --
16         THE COURT:  I don't mean to interrupt you,
17 Mr. Haviland.
18         MR. HAVILAND:  Yes.
19         THE COURT:  I don't mean to interrupt you, but I have
20 heard this before.  I have heard all throughout the discovery
21 your recitation to the fact that there are a number of -- I
22 think 14, maybe more -- custodians who do not have documents.
23         I have also heard Express Scripts indicate that
24 that's pursuant to their policy that they do not retain
25 documents beyond a certain amount of time.  I think it's set

1   forth in their reply brief.
2              I believe you are aware of the need for a factual
3   basis for discovery on discovery.  So when you file a motion
4   asking to compel production of retention documents, you are
5   going to have to give me some factual basis for why I should
6   order discovery on discovery in light of what they have
7   indicated here, which is that these folks left the company
8   many years ago, prior to the time there was any notice of
9   litigation or anything that would require a litigation hold,
10  and that pursuant to their policy, they destroyed the
11  documents.  Simply saying that you don't believe them or that
12  there should be documents and there aren't, if you read the
13  case law, that's not enough.
14             So what I'm going to do at this juncture is I'm going
15  to deny the motion with leave to bring it again to the extent
16  that you can put together a factual basis for why you are
17  entitled to discovery on discovery because I don't see it in
18  the motion that's pending before me.  And I do know you have
19  made some references to it orally in a context that doesn't
20  really apply, but when you actually are coming before me on
21  the motion, you don't put that information in the motion or
22  cite me any case law to substantiate your request.
23             So, really, you have got to put the work in if you
24  want me to rule on it.  The way it is presented before me now,
25  I can't.  So I'm going to deny it, like I said, with leave to

1   bring it again if you have a good faith basis to believe that

2   you have a factual basis to conduct discovery on discovery.

3        Do we have another status date?

4        MR. HAVILAND:  We do not.

5        MS. MCCAFFREY:  No, your Honor.

6        THE COURT:  Okay.  Do the parties believe we need

7   another status date?

8        MR. HAVILAND:  So, your Honor, we are going to file a

9   motion, to follow on this motion, to give you a couple of

10  concrete examples.

11       THE COURT:  Okay.

12       MR. HAVILAND:  There is a deposition coming up of

13  Mr. Osborne, and when I was preparing for Mr. Black's

14  deposition, we showed the Defendants 40 documents produced by

15  Mallinckrodt that weren't produced by Mr. Osborne or

16  Mr. Black.

17       So we will re-file that Friday with at least two

18  concrete examples and a number of documents to show you why we

19  believe that the policy, if it exists, as to e-mails, it goes

20  back two years.  Those documents should exist.

21       THE COURT:  And that's all I'm asking for.

22       MR. HAVILAND:  Yes, and we will give you that, Judge.

23       THE COURT:  That's all I'm asking for.  Okay.

24       MR. HAVILAND:  So I would like to set a status before

25  the October month because we have got depositions in that

1   month that are going to be affected by your ruling.
2          We are not looking to duplicate depositions, Judge,
3   at all.  We are taking the depositions with what we have.  But
4   if there is a policy that's not being enforced, we are putting
5   the cart before the horse about whether there is spoliation.
6   I can't prove a negative.  I can prove what I don't have.  But
7   we are being told there is a policy in force, but it's not
8   being applied in the case of Ms. Beaudoin and Mr. Osborne.
9          THE COURT:  Well, you get a motion on file --
10         MS. MCCAFFREY:  Your Honor --
11         THE COURT:  Go ahead, Ms. McCaffrey.  Go ahead.
12         MS. MCCAFFREY:  No, your Honor, I will wait to see
13  Plaintiff's motion.  I can assure you that everything that has
14  just been represented just vastly misstates the record, but we
15  will reply to specifics if and when Plaintiffs are actually
16  able to bring that forward.
17         THE COURT:  All right.  And that's the way it should
18  be done.
19         So if you can, in good faith, bring that motion,
20  Mr. Haviland, go ahead and file it.
21         I will enter a date for the Defendants to respond,
22  and if I believe it's necessary, I will set it over for oral
23  argument or I will rule on the pleadings, on the motion.
24         And then if I believe -- based on my ruling, I will
25  go ahead and set an additional time for a joint status report

1 depending on how I rule.

2 　　　　I mean, I just don't know now what the issue is going

3 to be or how I'm going to rule.  So let's just wait and see

4 how that plays out, okay?

5 　　　　Anything further?

6 　　　　MS. MCCAFFREY:  Very good, your Honor.

7 　　　　THE COURT:  Okay.  Sounds good.  I will wait to hear

8 that and also to hear from MSP on their response and proceed

9 accordingly.

10 　　　　Thank you, everyone.

11 　　　　MR. HAVILAND:  Thank you, your Honor.

12 　　　　MR. HUNDLEY:  Thank you, your Honor.

13 　　　　MS. MCCAFFREY:  Thank you, your Honor.

14 　　　　MR. FORST:  Thank you, your Honor.

15 　　(Which were all the proceedings heard.)

16 　　　　　　　　　　　　　　CERTIFICATE

17 　I certify that the foregoing is a correct transcript from

18 the record of proceedings in the above-entitled matter.

19 */s/Heather M. Perkins-Reiva*　　　　　　　　*September 16, 2020*

20 _____　　　　_____
　　Heather M. Perkins-Reiva　　　　　　　　　　　　　　Date
21 Official Court Reporter

22

23

24

25