UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CITY OF ROCKFORD,<br><br>                      Plaintiff,<br><br>    v.<br><br>MALLINCKRODT ARD INC., *et al.*,<br><br>                      Defendants. | Case No. 3:17-cv-50107<br><br>District Judge Iain D. Johnston<br><br>Magistrate Judge Lisa A. Jensen |
| MSP RECOVERY CLAIMS, SERIES LLC, *et al.*,<br><br>                      Plaintiffs,<br><br>    v.<br><br>MALLINCKRODT ARD INC., *et al.*,<br><br>                      Defendants. | Case No. 3:20-cv-50056<br><br>District Judge Iain D. Johnston<br><br>Magistrate Judge Lisa A. Jensen |

**JOINT STATUS REPORT**

Plaintiffs City of Rockford ("Rockford") and MSP Recovery Claims, Series LLC, MAO-MSO Recovery II, LLC, Series PMPI, a designated series of MAO-MSO Recovery II, LLC, and MSPA Claims 1, LLC (collectively, the "MSP Plaintiffs," and together with Rockford, the "Plaintiffs"), and Defendants Express Scripts Holding Co., Express Scripts, Inc., CuraScript, Inc., Accredo Health Group, Inc., and United BioSource LLC (f/k/a United BioSource Corp.) (the "Express Scripts Entities"), hereby submit the following joint status report regarding the status of the Mallinckrodt bankruptcy proceedings pending in the U.S. Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), as required by the Court's December 8, 2020 Order.

**Joint Statement by the Express Scripts Entities and MSP Plaintiffs**

The stay and injunction issued by the Bankruptcy Court remain in effect as to all parties in the above actions. *Mallinckrodt plc v. Connecticut*, No. 1:20-ap-50850 (Bankr. D. Del.), ECF

No. 180; *see also id.*, ECF No. 206 (denying Rockford's motion for leave to appeal preliminary injunction order). The Bankruptcy Court set a claims bar date of February 16, 2021, and Plaintiffs and the Express Scripts Entities have all submitted Proofs of Claim in connection with this and other related Acthar actions. In addition, Mallinckrodt ARD Inc. and Mallinckrodt PLC (collectively, "Mallinckrodt") have filed motions to transfer these actions to the District of Delaware for reference to the Bankruptcy Court. *Rockford* ECF No. 533; *MSP* ECF No. 475. Mallinckrodt has filed similar motions to transfer to the Bankruptcy Court the other related Acthar actions in *Int'l Union of Operating Eng'rs Local 542 v. Mallinckrodt ARD Inc., et al.*, Case No. 2:21-cv-00114-BMS (E.D. Pa.); *Acument Glob. Techs., Inc. v. Mallinckrodt ARD Inc., et al.*, Case No. 2:21-cv-02024-JTF-TMP (W.D. Tenn.); *Steamfitters Local Union No. 420 v. Mallinckrodt ARD LLC, et al.*, Case No. 2:19-cv-03047-BMS (E.D. Pa.); *United Assoc. of Plumbers & Pipefitters Local 322 of S. N.J. v. Mallinckrodt ARD, LLC, et al.*, Case No. 1:20-cv-00188-RBK-KMW (D.N.J.); *Humana Inc. v. Mallinckrodt ARD LLC, et al.*, Case No. 2:19-cv-06926-DSF-MRW (C.D. Cal.); and *Health Care Serv. Corp. v. Mallinckrodt ARD LLC, et al.*, Case No. 3:21-cv-165 (N.D. Cal.). Those motions have now been fully briefed and are pending before the respective courts, including this Court. *See Rockford* ECF Nos. 536, 541; *MSP* ECF Nos. 478, 479.

### Statement by the Express Scripts Entities

The Express Scripts Entities will not engage with Mr. Haviland's latest accusations, continued personal attacks on counsel, and newest conspiracy theories, which were sent shortly before this status report was filed, other than to (1) note that the issues he purports to describe are fully before Judge Dorsey in the Bankruptcy Court, and (2) correct the record that these cases are stayed and enjoined pursuant to the Bankruptcy Court's order, not the Express Scripts Entities'

motion for a stay, which was struck by this Court's December 8, 2020 order. *See Rockford* ECF No. 532; *MSP* ECF No. 474. To the extent Mr. Haviland files the motions outlined below, the Express Scripts Entities will respond at that time, if and as needed.

## Statement by the City of Rockford

The City of Rockford writes separately from the Express Scripts Entities and MSP Plaintiffs, because these parties agreed to the preliminary injunction issued by the Bankruptcy Court which alone creates the argument that there is "related to" jurisdiction in Delaware where no Defendant is incorporated or has its principle place of business. Rockford alone opposed Mallinckrodt's Motion for Preliminary Injunction, and alone intends to seek reconsideration of that injunction to avoid the transfer of its meritorious case[1] against Express Scripts to Delaware. For these reasons, it is critical that the Court take the time necessary to consider ALL the papers that have been filed, and will be filed, in this Court and the Bankruptcy Court, before ruling on the Mallinckrodt Motion to Transfer. Such due consideration is required to avoid a colossal miscarriage of justice[2] due to the Defendants' ongoing conspiratorial conduct which threatens to continue the antitrust conduct which this Court alone has jurisdiction to adjudicate (and end) by reason of its present jurisdiction over Rockford's federal antitrust class action claims.

---

[1] As this Court well knows, the Defendants' Motions to Dismiss Rockford's antitrust claims, and Express Scripts' Motion for Reconsideration, were denied by Judge Kapala. See Dkt. Nos. 178, 211. In stark contrast, this Court has twice dismissed the MSP Plaintiffs' case. Dkt. Nos. 154, 320.

[2] Mallinckrodt has the audacity to argue in its Reply Brief that transfer to the Bankruptcy Court is in the interest of justice and the convenience of the parties, when it well knows that there will be no justice for Rockford against Express Scripts in Delaware and that forum is far less convenient that this Court, given that both Defendants count St. Louis as their home. See Dkt. No. 542 at 20-26. Indeed, Mallinckrodt argues that Rockford has surrendered its right to a jury trial **against Express Scripts** simply by filing a Proof of Claim as mandated by the Bankruptcy Court, over its objections. *Id*. at 23-24.

<u>First</u>, Rockford intends to seek leave to file a Sur-Reply Brief in Opposition to Mallinckrodt's Motion to Transfer based upon late-produced evidence wrongfully withheld by counsel for Defendants[3] which unequivocally demonstrates that defense counsel wrongfully withheld material evidence from the Bankruptcy Court which evidence undermines Mallinckrodt's argument that there exists a unity of interest with Express Scripts and supports Rockford's argument that the claim of indemnity was untimely and meritless. In conjunction with this status report, Rockford is filing a "Notice of Bankruptcy Counsel's Belated Disclosure of Indemnity Claim Dispute" (which consists of a letter dated March 1, 2021, enclosing two letters from the summer of 2020 that counsel and their respective clients wrongfully withheld). It is now clear that United BioSource (UBC) claimed indemnity against Mallinckrodt on June 8, 2020 apart from the General Counsel of Express Scripts and without the involvement of Quinn Emanuel. *See* Annex 1 (letter dated June 8, 2020 re "Notice of Indemnifiable Claim). This was nearly four (4) months prior to Express Scripts writing its October 14, 2020 letter to the Debtors (which the Bankruptcy Court relied upon in granting the preliminary injunction). Shockingly,[4] Mallinckrodt's General Counsel responded on August 17, 2020, disagreeing with UBC and rejecting the indemnity claims as "not timely" due to the delay of "nearly three years …[t]he Acthar Litigations have been pending…". This is precisely what Rockford argued to the Bankruptcy Court but the Debtors, their counsel, Express Scripts and its counsel, all sat silent

---

[3] As Rockford's forthcoming Motion to Continue the Stay of this Court will demonstrate, the withholding of such material information by counsel for the Debtors – and United BioSource whom Quinn Emanual's claims to continue to represent in this Court – was willful, and sanctionable, in light of the fact that Rockford's counsel deposed two corporate designees of Mallinckrodt on the subject of Debtors' awareness of prior claims of indemnity by the Express Scripts Entities and Mallinckrodt's objections thereto.

[4] This is shocking because two corporate designee witnesses for Mallinckrodt perjured themselves during depositions in the Bankruptcy case on these critical facts. Such perjured testimony will be put before the Bankruptcy Court as part of Rockford's Motion to lift the preliminary injunction, and this Court as part of the Motion to Continue the Stay.

while perjured testimony was presented in order to obtain an injunction against Rockford's claims in this Court.

Second, as indicated, Rockford intends to file a Motion to Lift the Preliminary Injunction in short order in the Bankruptcy Court, citing this new evidence and the undermining of the bases for the original injunction. Rockford intends to seek discovery to get to the bottom of the coordinated effort to deceive the Bankruptcy Court.

Third, Rockford intends to file a Motion to Continue the Stay issued by this Court, seeking to have this Court suspend its ruling on the transfer motion until two (2) things happen: (1) the motions in Bankruptcy Court are finally decided, and (2) any appeals from such rulings by any party have been exhausted. Express Scripts fails to point out to this Court that this case is stayed, by reason of its own Motion. In the same Order directing that this status report be filed, the Court granted Express Scripts' Motion to Stay. Dkt. Nos. 532 ("this case is stayed"); 518 (ESI Motion to Stay). This is noteworthy because neither Mallinckrodt nor Express Scripts has ever filed a Motion with this Court seeking to lift **its stay**; instead, they have only cited to this Court the bankruptcy stay and the Bankruptcy Court's injunction. As a result, this case remains stayed. Rockford's Motion will seek to maintain the stay, maintaining the status quo, until such time as the Bankruptcy Court rules on all of the following motions: (1) the Acthar Plaintiffs' Motion for Relief from the Stay to allow this Court to rule on the issue of class certification (set for hearing on March 30, 2021); (2) the Acthar Plaintiffs' Motion to Lift the Preliminary Injunction; and (3) and Acthar Plaintiffs' Motion to Allow Class Proof of Claim[5].

---

[5] Express Scripts reports to the Court only Rockford's filing of a Class Proof of Claim, but ignores the process which must follow. If Debtors do not object to the Class Proof, then it is allowed. However, if the Debtors object – as they have stated their intention is to do – then there can be no class proof of claim in bankruptcy absent a ruling by the Court. Since the Debtors are holding back on their objection, Rockford intends to move for allowance of its Class Proof. If

For these reasons, Rockford respectfully requests that this Court maintain the existing stay of all proceedings in this Court, including Mallinckrodt's Motion to Transfer

Dated: March 8, 2021

Respectfully Submitted,

/s/ Donald E. Haviland, Jr.

Donald E. Haviland, Jr. (*pro hac vice*)
**HAVILAND HUGHES**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661
haviland@havilandhughes.com

*Counsel for City of Rockford*

/s/ David M. Hundley

David M. Hundley
**PENDLEY, BAUDIN & COFFIN, LLP**
1100 Poydras St Ste 2505
New Orleans, LA 70163
Telephone: (504) 355-0086
dhundley@pbclawfirm.com

*Counsel for MSP Recovery Claims, Series LLC, MAO-MSO Recovery II, LLC, Series PMPI, and MSPA Claims 1, LLC*

---

denied, any argument that Rockford's class claims against Express Scripts will be treated fairly in Delaware Court will lose all merit, and the class action case against Express Scripts should remain in this Court until the preliminary injunction is lifted.

*/s/ Eric C. Lyttle*

Jan H. Ohlander, Esq.
**RENO & ZAHM, LLP**
2902 McFarland Road
Suite 400
Rockford, IL 61107
815-987-4050
jho@renozahm.com

Michael J. Lyle, Esq.
Eric C. Lyttle, Esq. (*pro hac vice*)
Ethan C. Glass, Esq. (*pro hac vice*)
Meghan A. McCaffrey, Esq. (*pro hac vice*)
Michael D. Bonanno, Esq. (*pro hac vice*)
J. Matthew Hamann, Esq. (*pro hac vice*)
Kirk Goza, Esq. (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, NW
Washington D.C. 20005
202-538-8162
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
ethanglass@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
mikebonanno@quinnemanuel.com
matthewhamann@quinnemanuel.com
kirkgoza@quinnemanuel.com

*Counsel for Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., Accredo Health Group, Inc., and United BioSource Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2021 a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                */s/ Eric C. Lyttle*
Eric C. Lyttle (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
ericlyttle@quinnemanuel.com