UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CITY OF ROCKFORD,<br>      Plaintiff,<br> v.<br>MALLINCKRODT ARD INC., *et al.*,<br>      Defendants. | Case No. 3:17-cv-50107<br>District Judge Iain D. Johnston<br>Magistrate Judge Lisa A. Jensen |
| MSP RECOVERY CLAIMS, SERIES LLC, *et al.*,<br>      Plaintiffs,<br> v.<br>MALLINCKRODT ARD INC., *et al.*,<br>      Defendants. | Case No. 3:20-cv-50056<br>District Judge Iain D. Johnston<br>Magistrate Judge Lisa A. Jensen |

## **UPDATED STATUS REPORT**

Pursuant to this Court's Minute Entry Order dated August 9, 2021 [Dkt. No. 555], Plaintiff City of Rockford ("Rockford") hereby submits this update to the Status Reports submitted by the parties on August 23-24, 2021. [Dkt. No. 556 and 557, respectively].[1] This update is in response to the unsolicited, supplemental status report filed by Express Scripts Holding Co., Express Scripts, Inc., CuraScript, Inc., Accredo Health Group, Inc., and United BioSource LLC's (f/k/a United BioSource Corp.) (the "Express Scripts Defendants") on September 13, 2021. [Dkt. No. 559]. Because the Express Scripts Defendants neglected to include certain material information about the bankruptcy proceedings as they relate to the

---

[1] Two reports were submitted because Rockford had Exhibits included in its section of the Report, and due to the 11PM EST filing on August 23, 2021, Rockford re-submitted the Report with the appropriate Exhibits.

In fact, the Report filed by the Express Scripts Defendants included input from Mallinckrodt ***after*** Rockford had provided its final consent. As a result, Rockford never reviewed, nor consented to, the final Report filed.

Bankruptcy Court's Order they forwarded to this Court, and due to additional material events since that time affecting such Order, this update is necessary to keep this Court reasonably informed of the bankruptcy proceedings.

This Court ordered the parties to submit a *joint* report as to the status of this case, including (1) the status of the bankruptcy automatic stay, (2) the effect of the stay on this Court's ability to address the Mallinckrodt defendants' motion to transfer these cases to the bankruptcy court and (3) the status of the motions to transfer to the bankruptcy court the similar other cases pending before other courts. Dkt. No. 555. The Express Scripts Defendants' unilateral submission provided this Court only with a signed order and bench ruling of the Bankruptcy Court relating to the extension of the preliminary injunction. Dkt. No. 559. They neglected to advise the Court of the additional proceedings relating to Rockford's three Motions for Relief from the Stay ("MFRs"). One of those MFRs is Rockford's Motion for Relief from the Stay to allow it to file a Motion for Contempt against Arnold & Porter for failing to follow this Court's discovery orders. That motion was attached to the August 24, 2021 Status Report as Exhibit "A". Dkt. No. 557.

Since that time, Debtors have filed a Motion with the Bankruptcy Court, seeking to adjudicate the merits of Rockford's antitrust claims against the Express Scripts Defendants, despite the stay and injunction. As a result, time is of the essence to ensure that Rockford's rights to proceed against the Non-Debtors are preserved and protected.

### A. The Automatic Stay Expired as to Rockford's Motion for Contempt Against Arnold & Porter By Operation of Law.

The Express Scripts Defendants neglected to inform this Court that, at the August 26, 2021 hearing, Debtors requested that the Bankruptcy Court adjourn the hearing on Rockford's MFRs. *See* Excerpt of Aug. 26, 2021 Hrg. Tr. at 31 (attached hereto as **Exhibit "A"**) ("So we

propose that the Ad Hoc Acthar Groups' stay related motions be taken off [the] calendar for September 14th and if necessary we can discuss appropriate scheduling at a later time."). The Court granted the request. *Id*. at 31:21 ("Okay, hearing nothing we will do that. We will take that off.") Thus, no hearing was conducted in thirty days, as required.

Section 362(e) of the Bankruptcy Code states that the Bankruptcy Court "must hold a hearing concerning the status of the stay within thirty days after a request for relief from the stay is filed." 11 U.S.C.S. § 362(e); *In re Wedgewood Realty Group, Ltd.,* 878 F.2d 693, 697 (3d Cir. 1989)(see also, *In re Boomgarden*, 780 F.2d 657, 661 (7th Cir. 1985)("§ 362(e) requires a preliminary hearing within thirty days after the request or the stay is automatically lifted."). Rockford's Motion for Relief as to Arnold & Porter was filed on August 23, 2021. Because the Debtors asked the Bankruptcy Court **not** to hold a hearing on the Motion, and the Court agreed, the automatic stay expired as a matter of law on September 22, 2021. "Failure either (1) to hold a hearing within thirty days of the filing of the request for relief, or (2) to issue an order continuing the stay and to schedule a final hearing within thirty days of the preliminary hearing, results in automatic termination of the stay." *Id.*

Bankruptcy Rule 4001(a)(2) also provides that the court must issue either "an order continuing the stay pending its final decision or a final decision within thirty days after commencement of the final hearing." *Id.* This never happened.

Because the Bankruptcy Court granted Debtors' request to **not** observe the stringent time constraints of section 362(e) and Bankruptcy Rule 4001(a)(2), the automatic stay was lifted on September 22, 2021 as to the Rockford Motion for Contempt. (A file-ready copy of the Motion for Contempt is attached hereto as **Exhibit "B"**.) As the Third Circuit reinforced, "[t]hese time constraints are an essential underpinning to the automatic stay provisions of the Code." *Id.*

3

**B. The Bankruptcy Court's Schedule Has Materially Changed Since the Status Reports Were Filed, Warranting an In-Person Status Conference to Discuss a Scheduling Order in this Case After the Injunction Is Lifted.**

Since the Status Reports were filed in this Court, the schedule in the Bankruptcy Court has materially changed. During the September 23, 2021 hearing, addressing certain discovery disputes,[2] Debtors reported that the Plan confirmation hearing would be put off from the already adjourned dates. *See* Sept. 23, 2021 Hrg. Tr. at p. 48, lines 22-25, p. 49, lines 1-25. (**Exhibit "C"** hereto). Now, there is no date certain for the confirmation hearing. Before Plan confirmation can take place, the Bankruptcy Court has to conduct a bench trial on the administrative Acthar claims of Humana and other insurance claimants. That trial is not expected to begin before October 4 and will last several days.

The preliminary injunction extended by the Bankruptcy Court will expire in ninety (90) days from September 1, 2021 – *ie.*, on November 30, 2021. In order to ensure that the parties hit the ground running in December with respect to Rockford's pending claims against the Express

---

[2] During one of the disputes, counsel for Arnold & Porter informed the Bankruptcy Court that Mallinckrodt produced over 100,000 previously unproduced documents related to Acthar. Sept. 23, 2021 Hrg. Tr. at p. 44, lines 3-7. This late production of documents – long past the deadlines established by this Court for merits discovery – provides additional grounds for this Court to proceed with Rockford's Motion for Contempt. Indeed, the Arnold & Porter attorney in charge reported that Debtors were unilaterally "extend[ing 'end dates' of various prior productions" as established in this Court's Scheduling Order, despite the pendency of the bankruptcy stay and injunction, and this Court's own stay. *See* e-mail from E. Shapland, Esquire to D. Haviland, Esq. dated August 10, 2021 at **Exhibit "D"** hereto.

Furthermore, the Bankruptcy Court instructed Arnold & Porter, on behalf of the Debtors, to review the privilege log it presented to the unsecured creditors (the same log that applied to the over 100,000 previously unproduced documents related to Acthar), to determine the accuracy of that log. Yesterday, Debtors, through Arnold & Porter, presented an amended privilege log to the Bankruptcy Court removing over 5,552 documents from the challenged log of 9260 documents previously logged as privileged. A copy of the Sept. 27, 2021 letter is attached hereto **as Exhibit "E"** and docketed at Dkt No. 4477 in the Bankruptcy Court. As reported at the September 23, 2021 hearing all of these documents relate to Acthar.

Scripts Defendants, Rockford respectfully requests this Court to schedule an in-person status conference only as to Rockford's claims against the Express Scripts Defendants at its earliest convenience. With the bankruptcy proceeding extending well into November, Rockford submits that establishing a new schedule for the management of this case upon the expiration on the Bankruptcy Court's injunction will allow the parties time to prepare to ensure precious time is not lost this year. Rockford intend to seek expeditious rulings on class certification and summary judgment, with a trial to be conducted in 2022.

### C. Debtors and the Express Scripts Defendants Seek to Litigate Rockford's Antitrust Claims Against Them in Bankruptcy Court, Without Any of the Discovery Ordered By This Court, and in Direct Contravention of Representations Made to this Court and the Bankruptcy Court About the Supposed Burdens of Proceeding with Rockford's Case in this Court.

The need for an in-person status conference has been heightened in the last twenty-four (24) hours by the Debtors and Express Scripts seeking an impermissible advisory opinion from the Bankruptcy Court as to the legality of their antitrust conduct. Late yesterday, Debtors filed a "Motion for Entry of an Order Authorizing the Debtors to Assume, As Amended, That Certain Wholesale Product Purchase Agreement with Priority Healthcare Distribution, Inc., (D/B/A Curascript SD Specialty Distribution)", Dkt No. 4487, seeking an Order of the Bankruptcy Court as to, *inter alia*, the following:

1. "[T]he Contract is not anti-competitive."

2. [T]he Debtors have the power to set any wholesale price for Acthar that they choose…".

3. "The Contract, and the parties' performance thereunder, do not constitute an agreement in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C.

1, or an unlawful maintenance of monopoly power in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2."

A copy of the redacted filing at Dkt No. 4487 is attached hereto as **Exhibit "F"**. Rockford is taking appropriate action in the Bankruptcy Court and elsewhere to prevent such overreach by the Debtors and the Express Scripts Defendants. However, that the Express Scripts Defendants in Rockford's case pending in this Court would attempt such a bold, inappropriate maneuver should not be left unaddressed by this Court, which has independent authority to police the conduct of the litigants appearing before it, including and especially Arnold & Porter who appear only through *pro hac vice* applications granted by this Court.

Dated: September 28, 2021

Respectfully submitted,

*/s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr.
*haviland@havilandhughes.com*
William H. Platt II
*platt@havilandhughes.com*
Haviland Hughes
201 South Maple Avenue
Suite 110
Ambler, PA 19002
Phone: (215) 609-4661
Fax:    (215) 392-4400

Kerry F. Partridge, Esq.
*kerry.partridge@rockfordil.gov*
Ifeanyi C. Mogbana, Esq.
*Ifeanyi.mogbana@rockfordil.gov*
City Attorney, Legal Department
425 East State Street
Rockford, IL 61104-1068
T: 779-348-7154
F: 815-967-9649

*Counsel for the City of Rockford and the Class*