IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CITY OF ROCKFORD,<br><br>                                        Plaintiff,<br><br>      v.<br><br>MALLINCKRODT ARD, INC., *et al.*,<br><br>                                        Defendants. | Case No. 3:17-cv-50107<br><br>District Judge Iain D. Johnston<br><br>Magistrate Judge Lisa A. Jensen |

## DECLARATION OF MEGHAN A. MCCAFFREY

I, Meghan A. McCaffrey, declare as follows:

1. I am a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("**QE**") attorneys for Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., Accredo Health Group, Inc., and United BioSource LLC (collectively, the "**Express Scripts Entities**").

2. I respectfully submit this declaration in support of the Express Scripts Entities' Opposition to Plaintiff, the City of Rockford's ("**Rockford**") Motion for Reconsideration of Order Dated June 13, 2023 (ECF No. 829), or in the Alternative, to Compel Contract Communications and Drafts (ECF No. 831).

3. Unless otherwise specified, I am familiar with the matters set forth in this declaration based on my personal knowledge and/or a review of the files in the possession of my firm.

4. Based on my review of documents produced by the Express Scripts Entities during discovery in this case, I understand that the Express Scripts Entities and Mallinckrodt began

negotiating the business terms of a version of the Wholesale Product Purchase Agreement that would consolidate all then-operative amendments by at least June 2018. Those discussion were led by and took place between business people at the two companies, who discussed numerous issues, including prompt-pay discounts, chargebacks, late fees, emergency orders, returns of expired produces, replacement products, and other administrative provisions.[1]

5. The Express Scripts Entities began producing to Rockford documents reflecting these negotiations in 2019, prior to the bankruptcy.[2]

6. Separately, at times during the Mallinckrodt bankruptcy case, QE communicated and exchanged a small number of drafts of the consolidated Wholesale Product Purchase Agreement with Mallinckrodt's counsel at Latham & Watkins LLP ("**Latham**"). Latham represented Mallinckrodt in connection with several Acthar related matters, including the Acthar bankruptcy trial, discovery sought and/or engaged in by Rockford and its counsel, and in various legal proceedings involving counsel for Rockford and the claims at issue in this case.

7. QE and Latham expressly contemplated and agreed that their discussions would be separate from any ongoing commercial discussions taking place among non-lawyers.

---

[1] *See, e.g.*, ExpressScripts5038557 (October 2, 2018 internal Express Scripts Entities email summarizing negotiations); ExpressScripts6108903 (March 1, 2019 email from Mallinckrodt to Express Scripts Entities attaching draft and requesting call regarding product returns and inventory credit program provisions); ExpressScripts5877317 (June 3, 2019 email from Express Scripts Entities to Mallinckrodt addressing same provisions); ExpressScripts5877840 (December 6, 2019 email from Mallinckrodt to Express Scripts Entities attaching draft with changes to payment terms and replacement product provisions); ExpressScripts6082062 (May 15, 2020 email from Mallinckrodt to Express Scripts Entities attaching draft with changes to same provisions); ExpressScripts6457428 (August 26, 2020 internal Express Scripts Entities email re: product replacement); ExpressScripts5877028 (June 29, 2021 email from Express Scripts Entities to Mallinckrodt re: product replacement).

[2] *See, e.g.*, ExpressScripts5038557 (produced in volume ES032 in April 2020).

8.  QE and Latham's discussions and revisions primarily concerned the indemnity and litigation cooperation provisions and, specifically, how those provisions may bear on the instant litigation.

9.  QE and Latham's discussions were prompted by the Acthar-related litigation listed in Exhibit G of the unexecuted draft agreement, which included this matter, the related Acthar matters, a new case filed by counsel for Rockford relating to Acthar in 2021, ECF No. 560-7 at 62, and Rockford's active pursuit of proofs of claim filed in the bankruptcy, all of which arose from the complaint filed in this case, *see, e.g.*, In re Mallinckrodt PLC, 2021 WL 2460227, at *1 (Bankr. D. Del. June 16, 2021) (explaining that "Rockford filed proofs of claim that reference the Rockford Complaint as their sole basis").

10. QE and Latham discussed assessments of and strategies related to the litigation mentioned in the preceding paragraph, and the drafts exchanged between them reflect their opinions, conclusions, and strategies.

11. The Express Scripts Entities filed proofs of claim in the bankruptcy for their indemnification claims against Mallinckrodt, pursuant to the terms and conditions of certain contracts between the Express Scripts Entities and Mallinckrodt. *See, inter alia*, Req. for Payment of Admin. Cl., *In re Mallinckrodt PLC*, Case No. 20-12522 (Bankr. D. Del. Aug. 15, 2022), ECF No. 8100; Addendum to Req. for Payment of Admin. Cl, *In re Mallinckrodt PLC*, Case No. 20-12522 (Bankr. D. Del. Aug. 15, 2022), ECF No. 8108; Proofs of Claim 4197 * 4510.

12. None of the drafts of the consolidated Wholesale Product Purchase Agreement exchanged between QE and Latham were ever executed or otherwise became effective.

Executed on July 6, 2023 in Washington, D.C.

_____
Meghan A. McCaffrey