# EXHIBIT A

Hugh Murtagh
Direct Dial: +1 (212) 906-1648
hugh.murtagh@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

April 20, 2022

Via Email

Meghan McCaffrey
1300 I Street NW, Suite 900
Washington, DC 20005
meghanmccaffrey@quinnemanuel.com

*Settlement Communication – Subject to FRE 408 and State Law Equivalents*

Re: *In re Mallinckrodt plc, et al.*, Case No. 20-12522 (JTD) (Bankr. D. Del.)

Dear Meghan,

We write on behalf of the debtors and debtors-in-possession (the "Debtors") in the above-captioned cases, in response to your letter dated April 15, 2022, regarding the Debtors' rejection of the Wholesale Product Purchase Agreement, dated as of June 29, 2007, by and between Debtor Mallinckrodt ARD LLC ("ARD") and CuraScript SD Specialty Distribution ("CSD"), as amended from time to time (the "Agreement").

The Debtors hope to work cooperatively with CSD, and to facilitate a smooth transition to the Debtors' new distributor for Acthar® Gel ("Acthar" or the "product"). To that end, the Debtors' responses to your specific proposals are set forth below. As preamble, however, we want to clarify that the Debtors did not shorten any notice periods or otherwise modify the Agreement: The Debtors rejected the Agreement, effective as of April 22, 2022, creating a deemed breach of the Agreement immediately prior to the Petition Date. *See* 11 U.S.C. § 365(g). The Debtors expect CSD will consider its rights as a potential prepetition creditor due to rejection of the Agreement, and the Debtors reserve all rights and defenses in response.

With that, here are responses:

- To your paragraph *First*: The Debtors have not directed, authorized, or agreed that CSD may sell remaining inventory to Accredo Health Group, Inc., or to any other specific entity. The Debtors have instead stated that, regardless of the identity of the purchaser, CSD lacks authority to sell Acthar to any party after April 22 (i.e., the effective time of rejection). However, in the spirit of cooperation, the Debtors are prepared to agree that CSD may accept orders for Acthar up to close of business on April 22, provided that all shipments of Acthar by CSD to any purchasers must be complete by close of business on April 26.

LATHAM&WATKINS LLP

- To your paragraph *Second*: If CSD does not wish to avail itself of the timeline set out above, the Debtors do not object to CSD's instead conducting its business such that it accepts only those remaining purchase orders that can be shipped by close of business on April 22.

- To your paragraph *Third*: The Debtors are prepared to agree that they have no objection to CSD's referring customer product returns after April 22 to the Debtors' new distributor.

- To your paragraph *Fourth*: The Debtors are prepared to agree that the Debtors will accept returns of quarantined or returned-to-CSD product, including appropriate payment for such product if actually returned to ARD. For such returns only—i.e., of quarantined or returned-to-CSD product—the Debtors are prepared to discuss reasonable terms relating to cost of return and risk of loss/liability during transit. The Debtors do not agree to accept returns of any product other than as outlined above, including without limitation return of any product that CSD is unable to sell prior to close of business on April 22 (and actually ship prior to close of business on April 26).

- To your paragraph *Final*: The Debtors are prepared to agree to compensate CSD for chargebacks related to product actually sold prior to close of business on April 22 (and actually shipped prior to close of business on April 26).

The Debtors' responses and proposed resolutions set forth above are offered in the context of a global resolution of issues and claims arising from rejection of the Agreement, and each term is subject to agreement on all terms, as well as on the understanding CSD will not seek to assert any administrative expense claims based on damages allegedly arising from rejection of the Agreement.

We look forward to discussing once you have had a chance to review.


Best,

/s/ *Hugh Murtagh*

Hugh Murtagh

US-DOCS\131406226.3

Confidential

MNK06693857