IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| City Of Rockford, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | )   Case No. 3:17-cv-50107 |
| v. | ) |
| | )   Magistrate Judge Lisa A. Jensen |
| Express Scripts Holding Company, *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |

## ORDER

For the reasons stated below, Plaintiff's motion for reconsideration or to compel contract drafts and communications [831] is denied without prejudice. Plaintiff is given leave to issue a subpoena for drafts and communications exchanged between outside litigation counsel for Defendants and counsel for Mallinckrodt regarding negotiations of the Wholesale Product Purchase Agreement on or before August 11, 2023. Accordingly, fact discovery is extended solely to allow a response to Plaintiff's subpoena.

## STATEMENT

Before the Court is Plaintiff's motion for reconsideration or to compel contract drafts and communications. Dkt. 831. Specifically, Plaintiff seeks drafts and communications exchanged between outside litigation counsel for Defendants and counsel for Mallinckrodt regarding negotiations of a new Wholesale Product Purchase Agreement during the instant litigation.

There can be no doubt that the Wholesale Product Purchase Agreement forms a central role in Plaintiff's theory of this case. Since the beginning of this case, Plaintiff has sought the Agreement and its various drafts. Sometime during the Mallinckrodt bankruptcy proceeding, Defendants were engaged in a renegotiation of the Agreement with Mallinckrodt. However, during

those renegotiations, Defendants had its outside counsel negotiate certain terms of the Agreement directly with counsel for Mallinckrodt. Yet, during this case, Defendants have represented to the Court that they have turned over all drafts of the Agreement to Plaintiff. Plaintiff alleges that during a recent Fed. R. Civ. P. 30(b)(6) deposition it learned of outside counsel's involvement in renegotiating portions of the Agreement. As a result, Plaintiff filed its motion to compel all contract drafts and communications, specifically targeting those drafts and communications apparently withheld by Defendants. Dkt. 790.

In response to Plaintiff's motion to compel, this Court asked Defendants if they had in fact withheld such documents as privileged. Defendants informed the Court that "the Express Scripts Entities have not withheld as privileged any drafts of the Wholesale Produce Purchase Agreement provided to and/or received from Mallinckrodt." Dkt. 831-2. Because of Defendants' representation to the Court that they had provided all contract drafts and had not withheld any as privileged, this Court ruled that no further order on production was necessary. Dkt. 829.

Plaintiff then filed the instant motion to reconsider, arguing that Defendants' representation to the Court was inaccurate and that outside counsel have drafts and communications in their possession that are responsive to Plaintiff's requests. Dkt. 831. In response to Plaintiff's motion, Defendants admitted that they have a small number of drafts in their possession that they did not disclose to Plaintiff. Dkt. 836, 838. However, Defendants argued, in part, that they were not required to search for, produce, or log communications or drafts in outside litigation counsel's files because outside counsel were not designated custodian's during ESI and their files are not discoverable under Fed. R. Civ. P. 34 because they are not a party to this case. Dkt. 838.

"[B]y its terms, Rule 34 applies only to parties." *Hobley v. Burge*, 433 F.3d 946, 950 (7th Cir. 2006). Thus, "Rule 34 would not be the correct discovery tool for gaining access to work

2

product held by an attorney," even "current counsel." *Id.* Compelling documents from Defendants' outside counsel would require a subpoena under Fed. R. Civ. P. 45. For these reasons, Plaintiff's motion [831] is denied without prejudice. However, this Court is mindful that Plaintiff raised this issue with the Court before the close of fact discovery. Plaintiff has also made several requests for these documents from Defendants, and Defendants' responses obfuscated the fact that such documents were outside of their custody and control. *See Hobley*, 433 F.3d at 952 (stating that a responding party should indicate if requested documents are not in its possession, custody, or control). Moreover, this Court did not address these documents in its earlier decision because Defendants informed the Court that they had not withheld any drafts of the Agreement. *See* Dkt. 831-2. As it turns out, some drafts and communications have in fact been withheld in part based on privilege.

Given that Defendants' counsel have now admitted to Plaintiff and this Court that they do in fact have the sought after drafts and communications exchanged between counsel for Defendants and counsel for Mallinckrodt, Plaintiff is given leave to issue a subpoena for these documents on or before August 11, 2023. As Defendants point out, this will afford its counsel the opportunity to serve a privilege log and address any document-by-document challenges. Accordingly, fact discovery is extended solely to allow a response to Plaintiff's subpoena. For any withheld documents, this Court expects any response to be supported by a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A), such that it expressly makes any claims of privilege and describes the nature of the withheld materials "in a manner that, without revealing information

itself privileged or protected, will enable other parties to assess the claim."

Date: August 4, 2023          By: _____
                                  Lisa A. Jensen
                                  United States Magistrate Judge