UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CITY OF ROCKFORD,<br><br>                              Plaintiff,<br><br>      v.<br><br>MALLINCKRODT ARD, INC., *et al.*,<br><br>                              Defendants. | Case No. 3:17-cv-50107<br><br>District Judge Iain D. Johnston<br><br>Magistrate Judge Lisa A. Jensen |

**THE EXPRESS SCRIPTS ENTITIES' RESPONSE TO THIRD-PARTY
REQUEST TO UNSEAL EXHIBITS TO THE DEPOSITION OF
<u>DR. STEVEN MILLER</u>**

Pursuant to the Court's August 9, 2023 Order, ECF No. 862, Defendants Express Scripts Holding Co., Express Scripts, Inc., CuraScript, Inc. d/b/a CuraScript, SD, Accredo Health Group, Inc., and United BioSource Corp. n/k/a United BioSource LLC (collectively, the "**Express Scripts Entities**") respectfully submit this response to the request of third-party Rebecca Robbins to unseal the exhibits used in connection with the September 15, 2022 and March 29, 2023 deposition of Dr. Steven Miller, ECF No. 861.

Ms. Robbins seeks to unseal a total of 38 exhibits that were marked during Dr. Miller's deposition: 33 documents produced by the Express Scripts Entities, three documents produced by Mallinckrodt, a copy of the protective order in this case signed by Dr. Miller, and a publicly available version of a 2007 Questcor press release. The majority (32 of 38) of these documents have not been submitted to the Court in connection with Rockford's motion for class certification and are unfiled discovery that is not part of the public record and that does not "influence or underpin a judicial decision" under *Baxter International Inc. v. Abbott Laboratories*, 297 F.3d 544,

1

545 (7th Cir. 2014). Thus, the Express Scripts Entities submit that Ms. Robbins' request should be denied as to these exhibits. Five of the remaining six documents already have been filed publicly and are available to Ms. Robbins on the public docket, and this Court does not need to take any action with regard to those documents. The Express Scripts Entities do not object to unsealing the remaining document subject to Ms. Robbins' request—Exhibit 27 to Dr. Miller's September 15, 2022 deposition—which previously was filed under seal as Exhibit NN to Rockford's original motion for class certification, ECF No. 642-12.

### A. The Majority of the Documents Sought by Ms. Robbins Do Not Underpin a Judicial Decision

Based on the Express Scripts Entities' review of the public docket and to the best of the Express Scripts Entities' knowledge and belief, 32 of the 38 exhibits requested by Ms. Robbins have not been publicly filed in connection with Rockford's motions for class certification or its related motions to exclude or limit the expert testimony of Mark Israel,[1] and therefore do not "influence or underpin a judicial decision" under *Baxter*, 297 F.3d at 545.[2] Accordingly, the Court should deny Ms. Robbins' request with regard to these documents, because the Court has not received these documents for consideration in connection with Rockford's class certification

---

[1] The Express Scripts Entities have undertaken a reasonable review of the public docket and do not believe these exhibits have otherwise been publicly filed in connection with other pleadings. As the Court has previously noted, however, the docket in this case is voluminous—consisting of more than 850 entries—and, given the Court's recognition that "the transcript and other sealed materials were submitted to influence the Court's decision" on Rockford's motion for class certification, ECF No. 862, the Express Scripts Entities have focused their review on briefing related to Rockford's original and renewed motions for class certification and the related original and renewed motions to exclude or limit the testimony of Mark Israel.

[2] Dr. Miller's deposition transcripts were filed publicly, ECF Nos. 853-1, 853-2, but the exhibits to these deposition transcripts were not. In agreeing to unseal Dr. Miller's deposition transcripts, the Express Scripts Entities specifically reserved the right to object to making public "any documents used as exhibits during Dr. Miller's deposition." ECF No. 853 at 2.

motion. The requested exhibits are therefore unfiled discovery materials protected from disclosure.

As the Seventh Circuit has held, "Rule 5(d) separates discovery material—regardless of whether it is subject to a Rule 26(c) protective order—into two categories: (1) that which is filed with the court (because it is used in a court proceeding or is ordered to be filed); and (2) that which remains unfiled and therefore not part of the public court record." *Bond v. Utreras*, 585 F.3d 1061, 1076 (7th Cir. 2009). Thus, although "[t]he rights of the public kick in when material produced during discovery is filed with the court," it is black-letter law in the Seventh Circuit that Rule 5(d) "eliminate[s] any implied right of public access to *unfiled* discovery emanating from the procedural rules," and third-parties have no "substantive rights" to "seek[] access to the fruits of discovery." *Id*.; *see also Baxter*, 297 F.3d at 545 ("Secrecy is fine at the discovery stage, before the material enters the judicial record."). Indeed, even where a party publicly files documents, but a court does not consider them, it is well established in this Circuit that "[t]he public has no right to access these documents, which cannot conceivably aid the understanding of judicial decisionmaking." *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 698 (7th Cir. 2014) ("[T]he presumption of public access turns on what the judge did, not on what the parties filed.").

Importantly, this distinction applies "regardless of whether [the discovery material] is subject to a Rule 26(c) protective order." *Bond*, 585 F.3d at 1076. The Seventh Circuit has recognized that this distinction helps resolve the "[t]ension between secrecy of discovery and disclosure of the record," where parties may be "tempted to use the latter to undermine the former"; prevents "needlessly increas[ing] the district courts' workload"; and avoids "induc[ing] litigants to resist disclosure in the first instance." *City of Greenville*, 764 F.3d at 697; *see also O'Malley v. Vill. of Oak Brook*, 2008 WL 345607, at *1 (N.D. Ill. Feb. 6, 2008) (noting that "our liberal rules

of discovery 'often allow extensive intrusion into the affairs of both litigants and third parties,'" and "the production of discovery materials 'may seriously implicate privacy interests of litigants and third parties'" (citation omitted)). The Seventh Circuit's bright-line distinction is in accord with this Court's statement that it "considers all materials parties *submit*," and that documents submitted in connection with the Rockford's motion for class certification therefore "will likely all be unsealed when the Court *rules*" on that motion. ECF No. 862 (emphasis added). It is also consistent with Judge Jensen's prior ruling denying Rockford's motion to determine the confidentiality of certain documents produced by the Express Scripts Entities that were not publicly filed or otherwise submitted in connection with a pending motion. As Judge Jensen recognized, the Court had "no way of knowing which documents will be used when," and "[o]nce class certification is decided, certain documents may no longer be relevant." May 19, 2023 Hr'g Tr. 15:6-8.

This Court therefore should deny Ms. Robbins' request with regard to 32 of the 38 exhibits, because they are unfiled discovery. To the extent the Court considers the request with regard to these exhibits now or in the future, however (*e.g.*, if and when the exhibits are submitted to the Court in connection with a pleading and the Court considers and rules on that pleading), the Express Scripts Entities respectfully request the right to submit briefing to lodge document-specific objections to any request to unseal or de-designate these documents. Several of these exhibits contain confidential, commercially sensitive and/or trade secret information, as well as personal information of third-parties, which is appropriately maintained under seal. *See, e.g.*, The Express Scripts Entities' Response to Plaintiff's Motion to Determine Confidentiality, ECF No. 800, at 7-14 (describing basis for good cause to maintain confidentiality as to certain types of documents).

B. **Five of the Remaining Six Documents Sought Already Are Publicly Available**

Five of the remaining six exhibits requested by Ms. Robbins already have been filed publicly in connection with the City of Rockford's motion for class certification: (i) Exhibit 2, which was submitted as Exhibit K to Rockford's renewed motion for class certification, ECF No. 826-11;[3] (ii) Exhibit 5, which was submitted as Exhibit B-19 to Rockford's reply in support of its original motion for class certification, ECF No. 744-20; (iii) Exhibit 6, which was submitted as part of Exhibit H to Rockford's renewed motion to exclude or limit the expert testimony of Mark Israel, ECF No. 863-9 at 31; (iv) Exhibit 9, which was submitted as Exhibit LL to Rockford's renewed motion for class certification, ECF No. 826-38; and (v) Exhibit 4 to Dr. Miller's March 29, 2023 transcript, which is the transcript of Dr. Miller's September 15, 2022 deposition that was unsealed by the Court on July 19, 2023 and is publicly available at ECF No. 853-1. Because each of these exhibits already is available publicly, this Court does not need to take any action with regard to Ms. Robbins' request to unseal these exhibits.

C. **The Express Scripts Entities Do Not Object to Unsealing the Final Exhibit**

The Express Scripts Entities do not object to unsealing the final document subject to Ms. Robbins' request, Exhibit 27 to Dr. Miller's September 15, 2022 transcript, which previously was filed under seal as Exhibit NN to Rockford's original motion for class certification, ECF No. 642-12.

********

---

[3] Exhibits 3 and 4 are both copies of a 2007 press release by Questcor. Although neither exhibit has been filed, the 2007 Questcor press release was publicly filed as Exhibit DD to the Express Scripts Entities' opposition to Rockford's original motion for class certification, ECF No. 706-28.

For the reasons stated herein, the Express Scripts Entities consent to the Court unsealing Exhibit NN to Rockford's original motion for class certification, ECF No. 642-12, but respectfully request that Ms. Robbins' request otherwise be denied.

Dated: August 16, 2023        Respectfully Submitted,

*/s/ Eric C. Lyttle*
Michael J. Lyle, Esq. (ARDC #6199227)
Eric C. Lyttle, Esq. (*pro hac vice*)
Meghan A. McCaffrey, Esq. (*pro hac vice*)
Michael D. Bonanno, Esq. (*pro hac vice*)
J. Matthew Hamann, Esq. (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
mikebonanno@quinnemanuel.com
matthewhamann@quinnemanuel.com

Jan H. Ohlander, Esq. (ARDC #3124934)
RENO & ZAHM, LLP
2902 McFarland Rd., Suite 400
Rockford, IL 61107
Tel: (815) 987-4050
Fax: (815) 987-4092
jho@renozahm.com

***Attorneys for Defendants Express Scripts Holding Co., Express Scripts, Inc., CuraScript, Inc. d/b/a CuraScript, SD, Accredo Health Group, Inc., and United BioSource Corp. n/k/a United BioSource LLC***

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 16, 2023, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                              */s/ Eric C. Lyttle*
                                                                              Eric C. Lyttle