UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **CITY OF ROCKFORD** *on behalf of itself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *formally known as* **QUESTCOR PHARMACEUTICALS, INC.; MALLINCKRODT PLC; EXPRESS SCRIPTS HOLDING COMPANY; EXPRESS SCRIPTS, INC.; CURASCRIPT, INC.,** *doing business as* **CURASCRIPT, SD; ACCREDO HEALTH GROUP, INC.,** *and* **UNITED BIOSOURCE CORPORATION**<br><br>Defendants. | Civil Action No.: 3:17-cv-50107<br><br>Judge Iain D. Johnston<br><br>Magistrate Judge Lisa A. Jensen |

**PLAINTIFF'S MOTION TO ENFORCE THE SUBPOENA ISSUED TO LATHAM & WATKINS AND TO COMPEL LATHAM & WATKINS TO FULLY COMPLY WITH <u>THE SUBPOENA</u>**

Plaintiff, the City of Rockford, hereby moves to compel compliance with the Court-ordered Subpoena issued to Latham & Watkins on August 11, 2023 (the **"Subpoena"**), *which is attached to the Declaration of William H. Platt II as Exhibit "A"*.[1] Plaintiff does not move to compel responses from Mallinckrodt, since Mallinckrodt was not served with the Subpoena—only Latham & Watkins (**"Latham"**) was pursuant to this Court's Minute Entry Order dated August 4, 2023 [ECF No. 860].

---

[1] *See also* ECF No. 873.

1

The simple issue before the Court is Latham's failure and refusal to comply with the Subpoena this Court granted Rockford leave to serve. *See* ECF No. 860.[2] To date, Latham has not produced a single document or privilege log, essentially doubling down on its objection that this Court did not authorize Plaintiff to serve the Subpoena on Latham, an objection that contradicts the Record.

**Background of Dispute.**

Rockford still does not possess a complete set of the drafts of contracts exchanged between ESI and Mallinckrodt. *Ex. A*. The drafts and related communications exist—as well after the Court-imposed deadline of August 25, 2023—Quinn Emanuel produced 95 documents and a privilege log listing an additional 68 documents in response to the Subpoena. See Exhibit "C" to the Motion to Compel compliance with the QE subpoena. However, oddly that production was also incomplete. It did not include responsive documents related to a letter written by Latham to Quinn Emanuel dated April 20, 2022.

That letter, **which is attached to the Platt Decl. at Exhibit "B"**, references a written communication from Quinn Emanuel related to the Wholesale Product Purchase Agreement:

> "We write on behalf of the debtors and debtors-in-possession (the "Debtors") in the above-captioned cases, ***in response to your letter dated April 15, 2022***, regarding the Debtors' rejection of the Wholesale Product Purchase Agreement, dated as of June 29, 2007, . . ."

*Ex. B* (emphasis added). That written correspondence was not produced by Quinn Emanuel and was not logged on the Quinn Emanuel Privilege Log.

---

[2] "Plaintiff is given leave to issue a subpoena for drafts and communications exchanged between outside litigation counsel for Defendants and counsel for Mallinckrodt regarding negotiations of the Wholesale Product Purchase Agreement on or before August 11, 2023. Accordingly, fact discovery is extended solely to allow a response to Plaintiff's subpoena." *Id*. at 1.

Admittedly, the April 20, 2022 letter was produced in this litigation by Mallinckrodt, but the April 15, 2022 letter was not.

Quinn Emanuel neither produced nor logged ***Exhibit B*** or the April 15, 2022 letter cited therein. Latham produced nothing.

**Latham Did Not Produce a Single Document.**

On August 25, 2023, Latham [and Mallinckrodt who was neither served with nor the subject of the Subpoena] responded to the Subpoena with Responses and Objections (the ***"Responses"***). ***See Platt Decl. at Exhibit "C"***. The Responses were provided on behalf of Mallinckrodt, along with Latham as purported "Undersigned Non-Parties." ***Ex. C.***

No documents were produced.

On August 28, 2023, Counsel for Rockford commenced the meet and confer process by writing to Latham identifying the deficiencies in Latham's response (Ex. C). ***See Platt Decl. at Exhibit "D".*** That letter (***Ex.D***) asked, *inter alia*, that Latham, not Mallinckrodt, provide responses and produce documents in Latham's custodial files. *Ex. D* ("We ask you to withdraw the Responses and re-serve proper responses on behalf of Latham only.").

Rockford, through counsel (***Ex. D***), addressed Latham's objections regarding excessiveness:

    a.    "First, the quoted portion of the Court's Order does not restrict Rockford to issuing one subpoena to Quinn Emanuel only. To the contrary, the Court granted "leave to issue a subpoena for drafts and communications exchanged between outside litigation counsel **and counsel for Mallinckrodt** regarding negotiations" of the subject distribution agreement."

    b.    "Second, Rockford argued in its Motion for Reconsideration "the Court should … compel[] **both ESI and Mallinckrodt to produce forthwith** all documents comprising communications, negotiations, and/or drafts of contracts between their lawyers taking place between April 2017 and Aprile 2022." ECF No. 831 at 15 (emphasis supplied)."

3

    c. "Third, in a hearing subsequent to the Order you cite, counsel for Rockford pointed out to the Court that they had issued subpoenas of both Latham and Quinn Emanuel. August 15, 2023 Hrg. Tr. at 6. Quinn Emanuel did not object. The Court acknowledged the issuance of the two subpoenas, and ordered the September 12, 2023 hearing to take place in the event of any disagreement. See ECF No. 868. In quoting the Court's August 4, 2023 Order (ECF No. 860), you ignore the language of the August 15, 2023 Order wherein the Court acknowledged being "updated on the status of Plaintiff's **subpoenas** to Defendants and Mallinckrodt." *Id*. at 1. Latham was ordered to appear in person with respect "to objections or compliance with those subpoenas."

***Ex. D*** (emphasis added in original).

In the same letter (Ex D), Rockford addressed Latham's objections regarding overbreadth:

    a. "The Responses next argue the Subpoena to Latham seeks more than "the Court allowed Rockford to subpoena." We disagree. The Court did not micromanage the issue of scope. It granted leave to subpoena the lawyers who conducted the contract negotiations when it became clear that ESI and MNK did not include their lawyers within the scope of the Rockford RPDs under Rule 34. Your failure to explain how or why you believe the subject requests exceed the scope of the subject matter does not provide Rockford with sufficient basis to try to clarify its requests to meet your concerns about scope. You have not asked for such clarification."

*Id.*

Rockford continued regarding Latham's objections regarding "unnecessary duplication and undue burden":

    a. "Latham's independent compliance is needed to ensure that (2) Quinn Emanuel fully complies, and (2) MNK/Latham's waiver of privilege may be considered by the Court in relation to any subsequent privilege claims by ESI/Quinn."

*Id.*

Regarding attorney-client and/or work product privilege, Rockford continued:

    a. "The Court has ordered ESI to point it to where these privileges were timely asserted. In response, MNK told the Court it did not withhold contract drafts or communications on grounds of privilege. If Latham seeks to claim either of these privileges at this late juncture it must do so through an appropriate privilege log. Kindly let us know if Latham will produce such log prior to the deadline for filing a Motion in advance of the September 12 hearing."

4

*Id.*

Finally, regarding relevant time period, Rockford offered to limit the time-period for the Subpoena to the period April 2017 through August 2023.

Latham did not respond to Rockford's meet and confer letter until 9 days later, the same day Quinn Emanuel produced redacted documents and a privilege log on August 6, 2023. ***See Platt Decl. at Exhibit "E"***. Despite Rockford's letter (***Ex. D***) and the Subpoena, Latham did not produce a single document, citing *inter alia*, that "[f]act discovery in this case is closed" while construing this Court's August 11, 2023 Order [ECF No. 860] as follows: "The Latham Subpoena violated Judge Jensen's order in two ways: Rockford was granted leave to subpoena only Quinn Emanuel, not Latham too; and it seeks production of documents on topics that far exceed the limited leave the Court granted." ***Ex. E***.

Latham proposed a telephonic meet and confer for August 7, 2023 at 5:30PM EST, which counsel for Rockford accepted. Latham committed to provide a call-in number for the meeting. ***See Platt Decl. at Exhibit "F"***. That meet and confer never took place--counsel for Latham was travelling at 5:30PM. ***Ex. F***.

Today, Latham proposed a 2:30PM meet and confer, which counsel for Rockford agreed to. The meet and confer was held and while the parties continue that process, the parties were unable to resolve the issues addressed above in a definitive way that would eliminate the need for this Motion. However, the parties intend to continue with the meet and confer process before the scheduled September 12, 2023 Hearing.

This motion is being submitted pursuant to this Court's Order [ECF No. 868] requiring briefing and if resolved, will be withdrawn by Plaintiff.

5

## ARGUMENT

"A subpoena is not a polite suggestion or an invitation to negotiate. ***It is a command***, literal compliance with which is enforceable by the contempt power of the federal courts." *Builders Ass'n of Greater Chicago v. City of Chicago*, Case No. 96 C 1122, 2001 U.S. Dist. LEXIS 14076, at *26 (N.D. Ill. Aug. 29, 2001) (emphasis added) (citing *Fed.R.Civ.P.45 (e)*).

"Rule 45 of the Federal Rules of Civil Procedure governs subpoenas directed to non-parties. Rule 45(d)(2)(B)(i) provides that a party serving a subpoena may move for an order compelling production in "the court for the district where compliance is required."" *SPS Technologies, LLC v. Boeing Co.*, No. 19 C 3365, 2019 U.S. Dist. LEXIS 95881, at *8 (N.D. Ill. June 7, 2019)(citing Fed. R. Civ. P. 45(d)(2)(B)(i)). As for relevance, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Id. quoting Williams v. Blagojevich*, 2008 U.S. Dist. LEXIS 643, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008); *see also* Advisory Committee Notes regarding 1991 Amendments to Rule 45(a)(2) (stating a "non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."). "Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The factors relevant to the proportionality inquiry are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

### A. Latham's Objections to the Subpoena Should be Overruled.

The Subpoena commands that Latham produce documents responsive to it. Latham did not produce a single document and did not produce a privilege log. From Quinn Emanuel's production and privilege log, which is subject to another Motion to Enforce, Rockford knows that responsive documents exist.

While the Court required that the parties negotiate, and the parties did have a meet and confer today via teleconference, a resolution has not yet been reached regarding the Subpoena. The Subpoena's command that documents be produced has been violated, in that, Latham has not produced ***any*** documents.

Latham's objection regarding scope should be overruled. This litigation commenced in 2017 and Rockford submits that the time period for the production should begin at the commencement of the litigation—a concession that Rockford made during the meet and confer. If no responsive documents exist, Latham should know that without much effort at all. The same goes for subsequent years, however, just based on the fact that the earliest date of the Quinn Emanuel production is March 16, 2021 (i.e., an email between lawyers from Quinn Emanuel and Latham regarding the negotiation of the Wholesale Product Purchase Agreement) and the latest known date of the negotiations is April 20, 2023 (***Ex. B***), documents related to the negotiations exist.

### 1. This Court Authorized the Issuance of a Subpoena to Latham.

The Subpoena was proper. Rockford informed the Court that it was issuing the Subpoena to Latham.

> We also did serve a subpoena service on the Mallinckrodt defendants through Latham & Watkins, who also accepted service, on the exact same issues.

7

August 15, 2023 Hearing Transcript, p. 6:3-6. The Minute Entry that followed also contemplated the Subpoena: "The Court is updated on the status of Plaintiff's *subpoenas to Defendants and Mallinckrodt*." ECF No. 868 (emphasis added).

Indeed, Latham agreed to accept service of the Subpoena.

Latham's objection that the Subpoena violates this Court's Orders should be overruled and this Motion should be granted.

### 2. The Subpoena Does Not Seek Any Attorney-Client or Attorney-Work Product Privileged Communications Between Latham and Mallinckrodt.

The Subpoena was issue to and accepted by Latham. It was not issued to Mallinckrodt. The Subpoena follows this Court's authorization and seeks communications between Latham and Quinn Emanuel regarding negotiations each had on behalf of their respective clients.

#### a. *Mallinckrodt's Objections and Response Should Be Stricken.*

Mallinckrodt objected to and responded to the Subpoena. The Objections and Responses were signed by Latham as well as Mallinckrodt's attorneys at Arnold & Porter. The Subpoena was authorized by this Court and issued to Latham only, so Mallinckrodt's responses and objections should be stricken.

### 3. The Burden on Latham is Neither Undue Nor Disproportionate.

Any objection of Latham based on burden should be overruled and the Subpoena should be enforced. While it is unclear what role Latham had in the Wholesale Product Purchase Agreement's negotiations prior to the Bankruptcy, without documents or even a privilege log, Rockford cannot discern or evaluate burden. If no documents exist in any given year, or Latham was not involved in the Wholesale Product Purchase Agreement until a date certain, through a date certain, Latham's objections and responses fail to communicate that.

8

But, relying on Quinn Emanuel's production, while inconsistent with the Record in this case (*see* **Ex. B**), Latham was involved in the negotiations and there is no dispute about that. Assuming arguendo that Quinn Emanuel's production is complete and they met their obligations to comply with the subpoena Rockford issued to it, it is clear that Latham was involved ***at least*** between March 2021 and April 2022. ***See Ex. B***. Even though Quinn missed the mark and withheld a portion of its files in violation of the subpoena issued to it, it is obvious that negotiation documents sought in the Subpoena exist.

On that basis, Latham's objection based on burden should be overruled and the Subpoena should be enforced.

### 4. Latham Did Not Assert Common Interest Privilege.

The only privilege objection made in Latham's Responses and Objections to the Subpoena were on the basis of Attorney-Client Privilege and Attorney Work-Product Privilege. To the extent that Latham intends to or in fact asserts the "Common Interest Privilege", such objection should be overruled as such and objection was not raised in Latham's Responses and Objections, and thus is waived and untimely now.[3]

### CONCLUSION

For the reasons stated herein, the Motion should be granted and Subpoena should be enforced.

Dated: September 8, 2023          Respectfully submitted,

                                                *s/ Donald E. Haviland, Jr.*
                                                Donald E. Haviland, Jr., Esq., *pro hac vice*

---

[3] The common interest privilege does not apply anyway because as this Court has repeatedly communicated to Quinn Emanuel during various hearings on the subject, the attorney-client privilege does not apply to communication related to the negotiations of the Wholesale Product Purchase Agreement, particularly those between Quinn Emanuel and Latham here.

William H. Platt II, Esq., *pro hac vice*
**HAVILAND HUGHES**
124 South Maple Avenue
Suite 220
Ambler, PA 19002
T: 215-609-4661

Ifeanyi C. Mogbana, Esq., City Attorney,
Legal Department
425 East State Street
Rockford, IL 61104-1068
T: 779-348-7154

*Attorneys for Plaintiff, City of Rockford and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2023 a true and correct copy of the foregoing Motion to Compel was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                */s/ Donald E. Haviland, Jr.*
                                                Donald E. Haviland, Jr.