IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CITY OF ROCKFORD,<br><br>                            Plaintiff,<br><br>    v.<br><br>MALLINCKRODT ARD INC., *et al.*,<br><br>                            Defendants. | Case No. 3:17-cv-50107<br><br>District Judge Iain D. Johnston<br><br>Magistrate Judge Lisa A. Jensen |

**THE EXPRESS SCRIPTS ENTITIES' AND QUINN EMANUEL'S EMERGENCY MOTION TO STRIKE ROCKFORD'S FILING OF CONFIDENTIAL DOCUMENTS IN VIOLATION OF PROTECTIVE ORDER**

Defendants Express Scripts, Inc., Express Scripts Holding Co., Accredo Health Group, Inc., CuraScript, Inc. d/b/a CuraScript SP Specialty Pharmacy, and United BioSource LLC (f/k/a United BioSource Corp.) (collectively, the "Express Scripts Entities") and Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") hereby move the Court for an Order removing ECF Nos. 886-6 and 886-7 (PDFs containing parts one and two of Exhibit E to Plaintiff City of Rockford's Motion to Compel Compliance With Subpoena to Quinn Emanuel, for *In Camera* Review, and for Sanctions (the "Motion to Compel")) from the public docket and directing that the same be placed under seal. In support of their motion, the Express Scripts Entities and Quinn Emanuel state as follows:

1. The documents included in parts one and two of Exhibit E attached to ECF No. 866-1, the Declaration of Donald E. Haviland, Jr. in Support of Plaintiff City of Rockford's Motion to Compel Compliance With Subpoena to Quinn Emanuel, for *In Camera* Review, and for Sanctions, were produced by Quinn Emanuel in response to Rockford's August 11, 2023 subpoena to Quinn Emanuel.

1

2. The documents included in Exhibit E were produced in accordance with the February 7, 2020 Amended Confidentiality Order (ECF No. 308), and bear confidentiality designations. Paragraphs 5 and 8 of the Amended Confidentiality Order require the parties to file under seal information designated as Confidential or Attorneys' Eyes Only consistent with applicable Court rules and procedures. ECF No. 308 ¶¶ 5, 8. Notably, filing these documents was unnecessary as Rockford raises no specific argument as to almost all of these documents in the underlying Motion to Compel.

3. On Saturday, September 9, 2023, Quinn Emanuel notified counsel for Rockford that it had publicly filed information that had been designated as highly confidential, and asked that Rockford contact the clerk's office first thing Monday morning to remove the documents from the public docket. *See* Ex. 1. Counsel for Plaintiff has not responded to Quinn Emanuel's request, nor have the documents otherwise been removed from the docket, thus necessitating this emergency motion.

4. The documents in parts one and two of Exhibit E contain recent and commercially sensitive financial and/or business strategy information regarding negotiations related to the restated exclusive distribution agreement that was eventually submitted in the Mallinckrodt bankruptcy proceedings. Such information falls within the category of confidential information that courts regularly find would cause an adverse competitive impact on the producing party if disclosed. *See* ECF No. 800 at 13-14 (Express Scripts Entities' Response to Plaintiff's Motion to Determine Confidentiality); *see also In re Aqua Dots Prods. Liab. Litig.*, 2009 WL 1766776, at *3 (N.D. Ill. June 23, 2009) (finding documents that contained more than public pricing, such as profit margins, sales agreements, product launch strategy, and forecasts, are confidential). Notably, the Court has previously directed that documents similarly related to the negotiation over the restated

exclusive distribution agreement should be filed for *in camera* review, instead of under seal, and struck those documents from the docket. *See* ECF No. 823.

5. Moreover, and unfortunately, this is not the first time that Rockford has improperly filed confidential information on the public docket, in violation and disregard of the protective order. *See, e.g.*, ECF No. 749 (emergency motion to seal filed by Mallinckrodt); ECF No. 537 (emergency motion to strike filed by Mallinckrodt).

6. Accordingly, the Express Scripts Entities and Quinn Emanuel request that parts one and two of Exhibit E, ECF Nos. 886-6 and 886-7, be removed from the public docket, and directing that the same be placed under seal and/or submitted for *in camera* review pending a decision of the Court on the Motion to Compel.

Dated: September 11, 2023

Jan H. Ohlander, Esq. (ARDC #3124934)
RENO & ZAHM, LLP
2902 McFarland Rd., Suite 400
Rockford, IL 61107
Tel: (815) 987-4050
Fax: (815) 987-4092
jho@renozahm.com

*/s/ Eric C. Lyttle*
Michael J. Lyle, Esq. (ARDC #6199227)
Eric C. Lyttle, Esq. (*pro hac vice*)
Meghan A. McCaffrey, Esq. (*pro hac vice*)
Michael D. Bonanno, Esq. (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
mikebonanno@quinnemanuel.com

Harry A. Olivar, Jr. (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100
harryolivar@quinnemanuel.com

*Attorneys for the Express Scripts Entities*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2023, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Eric C. Lyttle*
Eric C. Lyttle